UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHANA FINNERMAN, individually and as Attorney-in-Fact for ELAINE L. SUNRAY**

Case No.:

**Plaintiff,**

vs.

**GAIL D. SUNRAY and JONATHAN P. SUNRAY,**

**Defendants.**

_____/

**COMPLAINT FOR TORTIOUS INTERFERENCE
WITH A BUSINESS RELATIONSHIP**

COMES NOW, Plaintiff, SHANA FINNERMAN, the daughter and attorney-in-fact of ELAINE L. SUNRAY, who sues Defendants, GAIL D. SUNRAY and JONATHAN P. SUNRAY, and files this Complaint for Tortious Interference with a Business Relationship and alternatively for Aiding and Abetting Tortious Interference with a Business Relationship, and alleges as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, SHANA FINNERMAN, is a resident of New York and the daughter and attorney-in-fact of ELAINE L. SUNRAY.

2. ELAINE L. SUNRAY is a resident of New York, and her daughter serves as her attorney-in-fact.

3. Defendant, GAIL D. SUNRAY, is a resident of Florida and the sister of ELAINE L. SUNRAY.

4. Defendant, JONATHAN P. SUNRAY, is a resident of Virginia and the brother of ELAINE L. SUNRAY.

5. The amount in controversy herein exceeds $75,000 and diversity jurisdiction lies herein.

1

6. This Court has diversity jurisdiction as some tortious acts of Defendants occurred in Florida.

7. Venue is proper in this Court as Gail D. Sunray resides in Manatee County, Florida.

## II. GENERAL ALLEGATIONS

8. ELAINE L. SUNRAY is a 74-year-old lifelong resident of New York.

9. In November 2013, while of sound mind, ELAINE L. SUNRAY appropriately appointed SHANA FINNERMAN as her attorney-in-fact and health care surrogate, thus creating a business relationship between the parties. Attached as **Exhibit 1**.

10. Prior to April 2025, while she retained capacity, ELAINE L. SUNRAY never nominated her siblings, JONATHAN P. SUNRAY or GAIL SUNRAY, to serve in any fiduciary or health care capacity.

11. SHANA FINNERMAN had, during 2023, 2024, and 2025, provided for and met her mother's needs as her agent and attorney-in-fact, devoting hundreds of hours of her time.

12. For more than one year prior to April of 2025, ELAINE L. SUNRAY suffered from progressing dementia, requiring assistance with activities of daily living, and at times lacked memory of recent events.

13. In April of 2025, ELAINE L. SUNRAY, following surgery, lacked capacity such that she had no memory of recent events and was very vulnerable to exploitation.

14. In April 2025, ELAINE L. SUNRAY required hospitalization and surgery. Following her release, she needed assistance with placement in either assisted living or a dementia care unit.

15. While SHANA FINNERMAN was in the process of locating an appropriate facility, Defendants undertook an unjustified plan to knowingly interfere with SHANA FINNERMAN and ELAINE L. SUNRAY's business relationship.

16. JONATHAN P. SUNRAY rendered substantial assistance to this plan of tortious interference by traveling from Virginia to New York in June 2025 and placing ELAINE L. SUNRAY on a plane, alone, in order to deliver her to GAIL D. SUNRAY in Florida.

17. JONATHAN P. SUNRAY took these actions with the intent and knowledge that GAIL D. SUNRAY would tortiously interfere with SHANA FINNERMAN and ELAINE L. SUNRAY's business relationship.

18. Immediately following her arrival, GAIL D. SUNRAY transported ELAINE L. SUNRAY to the offices of attorney Donna Sobel.

19. At Donna Sobel's office GAIL D. SUNRAY, despite ELAINE L. SUNRAY's lack of capacity, induced ELAINE L. SUNRAY to execute new power of attorney and health care surrogate instruments naming JONATHAN and GAIL SUNRAY as co-agents and revoking SHANA FINNERMAN's power of attorney and health care surrogate powers. Attached as **Exhibit 2** and **Exhibit 3**.

20. Before, during, and after the execution of these instruments, Defendants maligned SHANA FINNERMAN's actions assisting ELAINE L. SUNRAY in order to, by false statements, mislead her and interfere with their business relationship.

21. Approximately two weeks after the signing of these documents, members from the Guardianship Examining Committee for Manatee County examined ELAINE L. SUNRAY. Attached as **Composite Exhibit 4** are two reports from the examiners.

22. In the reports, the examiners reported that ELAINE L. SUNRAY suffered from "dementia" and "multiple cognitive deficits." The examiners found that ELAINE L. SUNRAY lacked the capacity to "make and exercise informed decisions regarding his/her right to contract."

23. JONATHAN P. SUNRAY and GAIL SUNRAY knowingly procured ELAINE L. SUNRAY's execution of the Florida documents while ELAINE L. SUNRAY lacked sound mind and are therefore the product of improper and unjustified actions by Defendants.

24. By executing these instruments specifically to usurp control from SHANA FINNERMAN, Defendants demonstrated their knowledge of SHANA FINNERMAN and ELAINE L. SUNRAY's business relationship as well as an intentional and unjustified interference with that relationship.

25. The tortious interference with this business relationship compelled SHANA FINNERMAN to initiate plenary guardianship and incapacity proceedings for ELAINE L. SUNRAY in order to protect her mother.

26. These proceedings continue to cause Plaintiff consequential damages in the form of attorneys' fees, court costs, and other expenses as a direct result of Defendants' acts.

27. Defendant, JONATHAN P. SUNRAY furthered tortious interference by using his unjust authority to prematurely and incompetently liquidate assets in ELAINE L. SUNRAY's portfolio, thereby incurring the consequential damages of avoidable capital gains taxes, loss of investment income, and other financial damages.

28. Based upon information and belief approximately $600,000 has been removed from the custody and control of the Plaintiff as attorney-in-fact due to the tortious conduct of the Defendants.

29. Costs are appropriate to the prevailing party under Fla. Stat. § 57.041.

## COUNT I
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

Plaintiff sues Defendants, JONATHAN P. SUNRAY and GAIL D. SUNRAY, for Tortious Interference with a Business Relationship and alleges:

30. Plaintiff realleges and incorporates by reference paragraphs 1–29 as if fully set forth herein.

31. SHANA FINNERMAN had a valid business relationship with ELAINE L. SUNRAY, under which SHANA FINNERMAN possessed rights and responsibilities.

32. Defendants had knowledge of the November 2013 power of attorney and health care surrogate designation and the Plaintiff's business relationship with ELAINE L. SUNRAY.

33. Despite such knowledge, Defendants intentionally and unjustifiably interfered with SHANA FINNERMAN's relationship with ELAINE L. SUNRAY by:

    a. Orchestrating the kidnapping of ELAINE L. SUNRAY from her home in New York and transporting her unwittingly to Florida; then

    b. Inducing ELAINE L. SUNRAY to execute new powers of attorney and health care surrogate instruments knowing she was without capacity; and

    c. Intentionally misrepresenting facts regarding SHANA FINNERMAN's conduct as attorney-in-fact to ELAINE L. SUNRAY.

34. As a result of Defendants' tortious conduct, the business relationship between ELAINE L. SUNRAY and SHANA FINNERMAN was damaged.

35. Plaintiff, individually, and as attorney-in-fact for ELAINE L. SUNRAY, seeks recovery for consequential damages suffered, including but not limited to

    a. Ongoing attorneys' fees, court costs, and related expenses in the guardianship and incapacity proceedings caused by tortious interference with ELAINE L. SUNRAY's original power of attorney instruments, and

    b. Avoidable capital gains taxes, loss of investment income, and other financial damages caused by Defendants prematurely and incompetently liquidating ELAINE L. SUNRAY's financial accounts.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in her favor and against Defendants, JONATHAN P. SUNRAY and GAIL D. SUNRAY for tortious interference with a business relationship and for related damages;

b. Award Plaintiff compensatory damages in an amount to be proven at trial, together with consequential damages as set forth in paragraph 34;

c. Award attorneys' fees and costs of this action; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT II
## AIDING AND ABETTING TORTIOUS INTERFERENCE
## WITH A BUSINESS RELATIONSHIP

Plaintiff sues Defendant, JONATHAN P. SUNRAY, in the alternative for Aiding and Abetting Tortious Interference with a Business Relationship by GAIL D. SUNRAY and alleges:

36. Plaintiff realleges and incorporates by reference paragraphs 1–29 and 30-35 as if fully set forth herein.

37. Defendant, GAIL D. SUNRAY engaged in tortious interference with Plaintiff's business relationship.

38. Defendant, JONATHAN P. SUNRAY further knew of GAIL D. SUNRAY's intent to tortiously interfere with SHANA FINNERMAN and ELAINE L. SUNRAY's relationship.

39. Defendant, JONATHAN P. SUNRAY provided substantial assistance to GAIL D. SUNRAY's interference by:

a. Traveling to New York, removing ELAINE L. SUNRAY from her home state, and transporting her to Florida;

 b. Delivering ELAINE L. SUNRAY into the custody of GAIL D. SUNRAY for the purpose of executing new documents despite ELAINE L. SUNRAY's known dementia and incapacity; and

 c. Redirecting ELAINE L. SUNRAY's several hundred thousand dollars' worth of financial assets away from Plaintiff's control.

40. As a direct and proximate result of Defendant JONATHAN P. SUNRAY's aiding and abetting, Plaintiff, individually, and as attorney-in-fact for ELAINE L. SUNRAY suffered consequential damages as set forth in paragraph 35.

WHEREFORE, Plaintiff respectfully requests that this Court:

 a. Enter judgment in her favor and against Defendant, JONATHAN P. SUNRAY, for aiding and abetting tortious interference with a business relationship;

 b. Award Plaintiff compensatory damages, including consequential damages as set forth in paragraph 35 and proven at trial;

 c. Award attorneys' fees and costs of this action; and

 d. Grant such other and further relief as the Court deems just and proper.

Dated the 15th day of September 2025.

            */s/ John J. Waskom*
            JOHN J. WASKOM
            Florida Bar No. 0962181
            ICARD, MERRILL, CULLIS, TIMM
            FUREN & GINSBURG, P.A.
            8470 Enterprise Circle, Suite 201
            Lakewood Ranch, FL 34202
            Telephone: (941) 907-0006
            Email: JWaskom@IcardMerrill.com
            Secondary Email:  JDreznin@IcardMerrill.com